**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

CORA M. HAYWOOD,

      Plaintiff,

v.                            Case No. 2:18-cv-02473-MSN-cgc

MEGAN J. BRENNAN,
POSTMASTER GENERAL
      Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION; ORDER GRANTING
PLAINTIFF'S MOTION TO AMEND/CORRECT OBJECTIONS; ORDER GRANTING
PLAINTIFF'S MOTION TO FILE REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S OBJECTIONS; ORDER DENYING PLAINTIFF'S MOTION TO FILE
NOTARIZED AFFIDAVITS; ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE
TO FILE AUTHENTICATED DOCUMENTS; AND ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO FILE REPLY TO DEFENDANT'S RESPONSE**

Currently before the Court are Plaintiff's Motion for Summary Judgment, (ECF No. 50),

Defendant's Motion for Summary Judgement, (ECF No. 51), the Magistrate Judge's Report and

Recommendation, (ECF No. 63), Plaintiff's Motion to Amend/Correct Objection to Report and

Recommendation, (ECF No. 65), Plaintiff's Motion to File a Reply to Defendant's Response to

Plaintiff's Objection, (ECF No. 68), Plaintiff's Motion for Leave to File Notarized Affidavits,

(ECF No. 69), Plaintiff's Motion for Leave to File Authenticated Documents, (ECF No. 70), and

Plaintiff's Motion for Leave of Court to Reply to Defendant's Response to Plaintiff's Motion.

(ECF No 72.)   For the reasons below, the Court rules in the following manner:

- The Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its
  entirety and **OVERRULES** Plaintiff's objections.

- Defendant's Motion for Summary Judgment is **GRANTED**.  Plaintiff's Motion for Summary Judgment is **DENIED**.
- Plaintiff's Motion to Amend/Correct Objection to Report and Recommendation is **GRANTED**.
- Plaintiff's Motion for Leave to File Reply to Defendant's Response to Plaintiff's Objection is **GRANTED**.
- Plaintiff's Motions for Leave to File Notarized Affidavit, Leave to File Authenticated Documents, and Leave to File a Reply to Defendant's Response to Plaintiff's Motion are **DENIED**.

In light of the Court's rulings, this matter will be **DISMISSED WITH PREJUDICE**.

## BACKGROUND

This case is just another in a series of disputes arising out Plaintiff's employment with the United States Postal Service ("USPS").  (*See* ECF No. 51-1 at PageID 235 n.3.)  Plaintiff commenced this present matter by filing her *pro se* Complaint on July 11, 2018.[1]  (ECF No.1)  Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112, *et seq.* ("ADA").[2]

---

1.  Plaintiff's Complaint in this matter consists of two documents.  The first document is Plaintiff's "Complaint" which is the Court's *pro se* form used for discrimination cases.  (ECF No. 1.)  The second is a document Plaintiff attached to her Complaint, titled "Documents in Support of Claim," which contains a fuller explanation of Plaintiff's allegations.  (ECF No. 1-2.)  This Court, like the Magistrate Judge, construes Plaintiff's filings liberally and refers to both documents.  (ECF No. 63 at PageID 1120 n.2.)

2.  As the Report explains, Plaintiff's claim under the ADA is procedurally improper.  (ECF No. 63 at PageID 1120; ECF No. 51-1 at PageID 233.)  Because Plaintiff's ADA claim arises out of her federal employment with the USPS, the proper statutory authority is the Rehabilitation Act, 29 U.S.C. § 794(a).  *See Plautz v. Potter*, 156 F. App'x 812, 815 (6th Cir. 2005) ("The Rehabilitation Act is a federal employee's exclusive remedy for employment related discrimination based on a disability.") (citing 42 U.S.C. § 12111(5)(B)); *Dicarlo v. Potter*, 358 F.3d 408, 418 (6th Cir. 2004) ("The Rehabilitation Act prohibits the United States Postal Service from discriminating against their employees on the basis of a disability.").  Therefore, in the spirit of construing *pro se* pleadings liberally, the Court addresses Plaintiff's claim under the Rehabilitation Act.  (ECF No. 63 at PageID 1120.)

Before delving any further, the Court takes a step back to the years leading up to this matter. Back in April 2013, Plaintiff requested an EEO counseling session, complaining that she suffered discrimination based on age and disability and that she faced retaliation due to her prior protected activity. (ECF No. 63 at PageID 1122.) In July 2013, the USPS informed Plaintiff that it could not resolve her claims and sent her a Notice of Right to File. (*Id.*)

On July 27, 2013, Plaintiff filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination due to her age and disability as well as retaliation. (*Id.*) She also asserted that she was denied overtime and that her supervisor would stand "menacingly" over her and invade her personal space. (*Id.*)

In February 2014, the USPS accepted ten (10) issues for administrative review:

1. Beginning on March 6, 2013, you have been denied the opportunity to work overtime;

2. On March 7, 2013, your supervisor would not permit you to case mail as you normally would;

3. On April 12, 2013, your supervisor accused you of being counter-productive because you were eating a granola bar while you worked, and she invaded your personal space and stood over you while she was angry;

4. On unspecified date(s), you were denied a reasonable accommodation regarding mail being stacked outside your reach;

5. On September 21, 2013, your supervisor harassed you about one click on the time clock;

6. On an unspecified date, your supervisor tampered with your time;

7. On unspecified dates, you informed upper management of the ill treatment you are constantly subjected to from your front-line manager, but nothing has happened;

8. On October 31, 2013, you were talked to rudely and disrespectfully by management regarding a cookie;

3

9. On November 6, 2013, you were reprimanded for coming back from last break a few minutes late and subsequently subjected to an investigative interview on November 7, 2013;

10. On unspecified date, you requested twenty-four (24) hours of sick leave but on December 20, 2013, your paystub reflected you were only paid for eight (8) hours.

(*Id.* at PageID 1123.)  The administrative hearing on these issues occurred in February 2018 and spanned three (3) days.  (*Id.* at PageID 1123–24.)  The Administrative Law Judge ("ALJ") ruled against Plaintiff on all ten (10) issues.  (*Id.* at PageID 1123–24.)  Plaintiff initially sought to appeal this ruling; however, the appeal was dropped when she filed suit in this Court.  (*Id.* at PageID 1124.)

Plaintiff's Complaint alleges that Defendant did not accommodate her disability, provided her with unequal employment terms and conditions, subjected her to retaliation, and harassed her. (ECF No. 1 at PageID 3.)  Plaintiff believes that her age and disability served as the basis of the discrimination she faced.  (*Id.* at PageID 4.)[3]

Plaintiff further elucidates her claims in the document titled "Document in Support of Claim" ("DISC").  (ECF No. 1-2)  There, she alleges that the ALJ who heard her administrative claims violated her Eighth Amendment rights by making adverse rulings against her concerning evidence, for failing to consider certain evidence, and, ultimately, for not ruling in her favor.  (*Id.* at PageID 9–19.)

Next, Plaintiff complains of a hostile work environment and retaliation.  Plaintiff focuses on four (4) instances to substantiate her claims.  First, Plaintiff alleges that her coworker, George Robinson, threw a hand-stamper at her.  (*Id.* at PageID 11–12.)  Second, Plaintiff complains that

---

3. Notably, Plaintiff did not allege that she was discriminated against based on her race, color, gender/sex, religion, or national origin.  (ECF No. 1 at PageID 3.)

the manner in which her manager, Teretha Phillips, handled her Family Medical Leave Act ("FMLA") leave constituted retaliation and harassment. (*Id.* at PageID 12–13.) Third, Plaintiff asserts that Ms. Phillips harassed her by modifying her clock-in time for work on one occasion. (*Id.* at PageID 13–14.) Finally, Plaintiff contends that Ms. Phillips arbitrarily enforced the rule prohibiting eating while on duty against her while allowing others to do so. (*Id.* at PageID 14–15.)

In further support of her claims, Plaintiff describes two incidents involving her fellow employees. (*Id.* at PageID 16–17.) One incident involved Richard Martin. (*Id.* at PageID 16.) According to Plaintiff, Mr. Martin suffered such a level of harassment from supervisors that he ended up assaulting a USPS manager. (*Id.* at PageID 16.) Additionally, a manager who Plaintiff had past issues with had been fired for harassment. (*Id.* at PageID 15–16.) In conjunction with these specific examples, Plaintiff also describes a work environment where employees felt hesitant to raise complaints out of fear. (*Id.* at PageID 16.)

Regarding any alleged mistreatment due to her disability, Plaintiff asserts that the USPS "demonstrated a pattern of antagonism" against her because of her work-related injury. (*Id.* at PageID 11.) As a result, Plaintiff was denied overtime opportunities that "all able-bodied employees were receiving on a regular, ongoing basis[.]" (*Id.* at PageID 10.)

## **Standard of Review**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been

properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1).  After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations.  28 U.S.C. § 636(b)(1).  The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed.  *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute.").  Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue.  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation.  *Id.*  When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error.  *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## <u>Analysis</u>

Before turning to the Magistrate Judge's Report and Recommendation ("Report"), the Court first addresses Plaintiff's most recent filings.  These consist of Plaintiff's Motion to

Amend/Correct Objection to Report and Recommendation, (ECF No. 65); Plaintiff's Motion for Leave to File Reply to Defendant's Response to Plaintiff's Objection to Report and Recommendation, (ECF No. 68); Plaintiff's Motion for Leave to File Notarized Affidavit and Notarized Sworn Statements, (ECF No. 69);  Plaintiff's Motion for Leave to File Authenticated Documents, (ECF No. 70); and Plaintiff's Motion for Leave of Court to Reply to Defendant's Response to Plaintiff's Motion to Submit Authenticated Documents, (ECF No. 72).

## A.  **Plaintiff's Motion to Amend/Correct Objection to Report and Recommendation**

Pursuant to the Report and Recommendation, Plaintiff had fourteen (14) days to file her objections.  (ECF No. 63 at PageID 1155.)  She timely did so on January 4, 2021.[4]  (ECF No. 64.) However, she has since moved to amend her objections.  (ECF No. 65.)  This proposed amendment remedies minor inaccuracies provided in her original objections.  (*Id.* at PageID 1176.)

Defendant opposes Plaintiff's request to amend, arguing that Plaintiff failed to consult with opposing counsel as required by Local Rule 7.2(a)(1)(B), these proposed amendments fail to alter her substantive arguments, and Plaintiff could have requested additional time.  (ECF No. 66 at PageID 1180–81.)   Although Defendant raises colorable arguments, because Plaintiff's proposed amendment seeks to clarify minor inaccuracies, the Court **GRANTS** Plaintiff's Motion. (ECF No. 65.)

## B.  **Plaintiff's Motion for Leave to File Reply to Defendant's Response to Plaintiff's Objection to Report and Recommendation**

On January 20, 2021, Plaintiff requested leave to reply to Defendant's Response to

---

4.  Although initially appearing untimely, because Plaintiff receives filings in this matter through the mail, the Federal Rules of Civil Procedure allow Plaintiff a three-day (3) grace period. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a).").

Plaintiff's objections. (ECF No. 68.) This time, Plaintiff consulted with Defendant in compliance with the Local Rules. (*Id.* at PageID 1187, 1195.) Defendant does not oppose Plaintiff's Motion. (*Id.* at PageID 1195.) Therefore, the Court **GRANTS** Plaintiff's Motion. (ECF No. 68.)

## C. <u>Plaintiff's Motion for Leave to File Notarized Affidavit and Notarized Sworn Statements</u>

On February 3, 2021, Plaintiff filed her motion requesting leave to submit notarized affidavits and notarized sworn statements. (ECF No. 69.) This motion seeks to cure deficiencies identified in the Report concerning unsworn statements offered to rebut Defendant's Summary Judgment Motion. (*Id.* at PageID 1198–99.) In particular, Plaintiff wishes to re-offer the now-notarized statements of Harry L. Carr, Jeanette Carr, and Brenda F. Smith.[5] (*Id.* at PageID 1199.) Defendant does not oppose Plaintiff's Motion. (*Id.* at PageID 1198–99, 1211.)

To briefly explain, Plaintiff proffered numerous exhibits in her Response to Defendant's Summary Judgment Motion, including the at-issue statements. (*See* ECF No. 56-1, ECF No. 56-2, and ECF No. 56-3.) The Magistrate Judge did not consider a substantial portion of Plaintiff's evidence due to several evidentiary issues. (ECF No. 63 at PageID 1126–1128.) Regarding the unsworn statements, the Report determined that they did not meet the criteria set out in 28 U.S.C. § 1746(2) for admissible declarations. (*Id.* at PageID 1127 n.7) (citing *Vanguard Transp. Sys., Inc. v. Volvo Trucks N. Am., Inc.*, No. 2:04-cv-889, 2006 WL 2373273, at *6 (S.D. Ohio Aug. 14, 2006)). Notably, Plaintiff did not object to the Magistrate Judge's determination regarding the evidence she proffered.

After review, it appears that Plaintiff has remedied the deficiencies identified by the Magistrate Judge. However, Plaintiff seeks to do more than just cure evidentiary deficiencies.

---

5. These statements appear as exhibits 48–52 in Plaintiff's Response to Defendant's Motion for Summary Judgment. (ECF No. 56-2 at PageID 988–92.)

Indeed, Plaintiff seeks another opportunity to respond to Defendant's Motion for Summary Judgment.

In responding to Defendant's Summary Judgment Motion, Plaintiff addressed Defendant's Statement of Undisputed Material Fact.  (ECF No. 56 at PageID 916–938.)  There, Plaintiff cites the then-unsworn statements of Harry L. Carr, Jeanette Carr, and Brenda F. Smith in only three (3) of her objections to Defendant's statements.  (ECF No. 56 at PageID 926–27, 935–36.)  Through her Motion, Plaintiff now seeks to use these now-sworn statements to object to over fifteen (15) of Defendant's statement of facts.  (*Id.* at PageID 1201–08.)  Even more, Plaintiff's new assertions outright contradict some of her prior responses.[6]

While the Court grants Plaintiff some leeway given her *pro se* status, Plaintiff cannot run rough-shod over the basic rules of procedure.  *See Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 970–71 (E.D. Tenn. 2011) ("[Her] *pro se* status does not exempt the Plaintiff from the requirement that [she] comply with relevant rules of procedural and substantive law.") (citation omitted).  Plaintiff had an opportunity to properly respond to Defendant's Motion.  The Court will not grant her another.  Accordingly, Plaintiff's Motion for Leave to File Notarized Affidavits and Notarized Sworn Statements is **DENIED**.

## D.  <u>Plaintiff's Motion for Leave to File Authenticated Documents</u>

Nearly two months after the Magistrate Judge issued her Report, Plaintiff filed her Motion for Leave to File Authenticated Documents on February 13, 2021.  (ECF No. 70.)  Plaintiff wishes  to remedy additional evidentiary issues identified in the Report pursuant to Federal Rule of Civil Procedure 56(e).  (*Id.* at PageID 1223–25.)

---

6. For example, in her original Response, (ECF No. 56), Plaintiff disputed Defendant's Statement of Fact #93.  (*Id.* at PageID 934.)  In her motion, she now wishes to change that answer to "Agreed."  (ECF No. 69 at PageID 1208.)

Defendant opposes Plaintiff's Motion and asserts two reasons why it should be denied. First, it is untimely. (ECF No. 71 at PageID 1354.) Second, Plaintiff failed to articulate any new issues of fact or law that would undermine the Magistrate Judge's Report. (*Id.*)

Plaintiff filed a Motion requesting leave to file a reply to Defendant's opposition on March 11, 2021. (ECF No. 72.) Defendant opposes Plaintiff's request to file her Reply. (*Id.* at PageID 1365.) Plaintiff argues in her Reply that her Motion should be granted under Federal Rule of Civil Procedure 60. (*Id.* at PageID 1360.) Plaintiff, however, does not fall within one of the few enumerated circumstances announced in Rule 60(b). *See* Fed. R. Civ. P. 60; *see also Johnson v. Unknown Dellatifa*, 357 F.3d 539, 542–43 (6th Cir. 2004). Further, Plaintiff cannot raise a new argument in her reply. *See In re FirstEnergy Corp. Securities Litig.*, 316 F. Supp. 2d 581, 599 (N.D. Ohio 2004) ("It is well-established that a party cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in the opposition."). Accordingly, the Court **DENIES** Plaintiff's request to file a reply.

Turning now to her original request, Plaintiff relies on Federal Rule of Civil Procedure 56(e)(2), which provides that:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> **(1)** give an opportunity to properly support or address the fact;
> **(2)** consider the fact undisputed for purposes of the motion;
> **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> **(4)** issue any other appropriate order.

Fed. R. Civ. P. 56(e).

Plaintiff makes this request nearly two (2) months after the Magistrate Judge issued her Report and Recommendation, (ECF No. 63), and nearly five (5) months after submitting her Response to Defendant's Motion. (ECF No. 56.) Although the committee notes to the 2010 Amendments state that "subdivision (e)(1) recognizes that the court may afford an opportunity to properly support or address the fact [and] [i]n many circumstances this opportunity will be the court's preferred first step," the Court does not believe that this is one of those situations. To do so would ignore Plaintiff's failure to abide by applicable rules of civil procedure and the Court's own local rules. Further, the Court will not retroactively alter the Magistrate Judge's determination that Plaintiff did not properly submit her evidence.

Even more important, Plaintiff's proposed exhibits would not alter the Court's conclusions for Plaintiff's issues run deeper than just issues of authenticity. As noted by the Report, Plaintiff failed to cite any evidence whatsoever in several of her objections. (ECF No. 63 at PageID 1126.) Moreover, in other instances, when she does rely on evidence, these responses fail to refute Defendant's assertion of facts. (*Id.* at PageID 1128.) Given this, the Court **DENIES** Plaintiff's Motion.

### E.  The Report and Recommendation

The Magistrate Judge's Report recommends that Plaintiff's Motion for Summary Judgment, (ECF No. 50), be denied and Defendant's Motion for Summary Judgment, (ECF No. 51), be granted. (ECF No. 63 at PageID 1119.) As the Report notes, Plaintiff has struggled to confine her arguments to the claims pled in her Complaint. (*Id.* PageID 1143–45.) So much so that the Magistrate Judge noted Plaintiff's habit of referring to unpled factual allegations and claims. (*Id.* at PageID 1143–45.) As a consequence, the Magistrate

Judge's Report and Recommendation addresses facts, as well as the evidence, regarding claims not plead in the Complaint. (*Id.* at PageID 1143 n.27.)

In light of this, the Court agrees with the Report that its analysis should be confined to those claims pled in the Complaint. (*Id.*); *see also Tucker v. Union of Needle trades, Indus. & Textile Emps.*, 407 F.3d 784, 787–89 (6th Cir. 2005) (explaining that a party cannot assert previously unpled claims at the summary judgment stage). Accordingly, this Court addresses **only** those claims found within Plaintiff's Complaint and any evidence supporting such claims.[7]

The Report accurately summarized Plaintiff's claims as follows:

(1) whether the [Administrative Law Judge] violated Plaintiff's Eighth Amendment rights; (2) whether Plaintiff was subjected to unlawful retaliation in violation of Title VII when Robinson threw a hand-stamper at her, when her FMLA leave processing was delayed, and/or when Phillips altered her recorded time in the leave system; (3) whether Plaintiff was subjected to a hostile work environment—due to her age, disability, or in retaliation for prior EEO activity—based upon Robinson throwing a hand-stamper at her, her FMLA leave processing being delayed due to a snowstorm, Phillips altering her recorded time in the leave system, other employees being given more leniency for eating on duty while she was subjected to stricter requirements, and the denial of overtime leave due to her injury.

(*Id.* at PageID 1144–45.)

I.   Eighth Amendment violation

Plaintiff complains that the Administrative Law Judge who heard her EEOC claims violated her Eighth Amendment rights. (ECF No. 1-2 at PageID 9–19.) The ALJ allegedly subjected Plaintiff to "cruel and inhumane treatment" by not considering certain evidence

---

7.  This conclusion is further supported by the fact that Plaintiff had an opportunity to amend her Complaint and failed to do so. (ECF Nos. 21, 26.)

and by deeming certain evidence not credible. (*Id.*) Ultimately, Plaintiff takes issue with the fact that the ALJ ruled against her. (*Id.*)

The Report recommends that Defendant's Motion be granted as to this claim. (ECF No. 63 at PageID 1145.) Plaintiff raises no objection to the Report's findings. Accordingly, the Court **ADOPTS** the Report's conclusion.

II.   <u>Title VII Retaliation</u>

In addition to her constitutional claim, Plaintiff also alleges that she faced retaliation in violation of Title VII. (ECF No. 1 at PageID 1, 3.) Title VII protects employees who engage in protected activity from retaliation by their employers. *See* 42 U.S.C. 2000e-3(a). A plaintiff can establish a Title VII retaliation claim either through direct or indirect evidence. *See Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 543 (6th Cir. 2008). Whereas here, Plaintiff lacks any direct evidence, the Court analyzes her claim under the *McDonnell Douglas Corp. v. Green* standard. *See Imwalle*, 515 F.3d at 544.

To state a *prima facie* claim under this standard, Plaintiff must show that: (1) she engaged in protected activity; (2) Defendant knew of that protected activity; (3) Defendant then subjected her to an adverse employment action; and (4) a causal relationship existed between the protected activity and the retaliatory treatment she faced. *See Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014). If Plaintiff manages to present a *prima facie* case, Defendant must then articulate a non-discriminatory reason for its actions. *Id.* If Defendant makes this showing, Plaintiff must then demonstrate that Defendant's proffered rationale was pretextual. *Id.*

For summary judgment only, Defendant does not dispute that Plaintiff engaged in prior protected activity and Defendant knew of that protected activity. (ECF No. 51-1 at PageID 240.) Thus, the only element in dispute is whether Plaintiff suffered a materially adverse employment action.

A materially adverse employment action consists of an act by an employer that would "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Laster*, 746 F.3d at 731 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 58 (2006)). In making this determination— "context matters. The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed." *Burlington*, 548 U.S. at 69 (citation and internal quotations omitted). Notably, the burden to prove retaliation is "less onerous in the retaliation context than in the anti-discrimination context." *Laster*, 746 F.3d at 731 (quoting *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 595 (6th Cir. 2007)).

The Report addresses three situations in which Plaintiff claims she faced retaliation. First, Plaintiff alleges that a coworker, George Robinson, subjected her to retaliation when he threw a hand-stamper at her. (ECF No. 1-2 at PageID 11–12; ECF No. 63 at PageID 1147–48.) Second, Plaintiff contends that her manager, Teretha Phillips, retaliated against her when she requested additional documents to confirm Plaintiff's illness while out on sick leave. (ECF No. 1-2 at PageID 13; ECF No. 63 at PageID 1148–49.) Finally, Plaintiff argues that she faced retaliation when Ms. Phillips adjusted her clock in time on one

occasion.  (ECF No. 1-2 at PageID 13–14; ECF No. 63 at PageID 1149–50.)  The Court will address each in turn.

### a)  Mr. Robinson throwing the hand-stamper

Plaintiff alleges that her coworker, George Robinson, retaliated against her when he threw a hand-stamper at her.  (ECF No. 1-2 at PageID 11–12.)  According to Plaintiff, Mr. Robinson became enraged after another coworker left a hand-stamper on his table.  (*Id.* at PageID 12.)  Mr. Robinson threw the hand-stamper at Plaintiff in response to this purported offense, causing her to "nearly jump[] out of her skin."  (*Id.* at PageID 11.)

The Report concluded that Mr. Robinson's actions did not constitute retaliation.  (ECF No. 63 at PageID 1148.)  Critically, Plaintiff did not allege that Mr. Robinson's actions were done out of retaliation.  (*Id.*)  Further, this is not an instance where Defendant faced liability due to Mr. Robinson's conduct.  (*Id.*)

Plaintiff's fails to object to the Report's conclusion.  Indeed, Plaintiff barely addresses the matter at all.  (*See* ECF No. 64 at PageID 1159.)  Accordingly, the Court **ADOPTS** the Report's findings.

### b)  Plaintiff's sick leave

Plaintiff claims that Ms. Phillips retaliated against her by placing Plaintiff on "deems desirable" status.[8]  (ECF No. 63 at PageID 1148.)  Plaintiff alleges that she had to submit additional documentation to confirm her sick leave during a winter storm in 2013.  (ECF No. 1-2 at PageID 13.)  In Plaintiff's eyes, this request by Ms. Phillips was made purely out of retaliation because Plaintiff had accumulated sick leave to use.  (*Id.*)

---

8.  "Deems desirable" status means that Plaintiff needed to submit documentation confirming her illness.  (ECF No. 63 at PageID 1148.)

The Report concluded that this was not retaliation.  (ECF No. 63 at PageID 1149.) Plaintiff failed to support her argument that submitting additional documents constituted retaliation.  (*Id.*) Further, the Report found that a brief delay in receiving pay does not qualify as an adverse act.  (*Id.*) (listing cases).

Plaintiff attempts to rebut this conclusion by arguing that the acts of Ms. Phillips violated her rights under the FMLA.  (ECF No. 68 at PageID 1191.)  This objection misses the mark.  Plaintiff did not allege an FMLA claim in her Complaint; therefore, the Court will not consider it.  This argument aside, Plaintiff does not explain how the Report erred. Without more, the Court **ADOPTS** the Report's findings and **OVERRULES** Plaintiff's objections.

### c) The clock-in adjustment

Finally, Plaintiff claims that Ms. Phillips retaliated against her when she adjusted Plaintiff's clock-in time on September 21, 2013.  (ECF No. 1-2 at PageID 13–14; ECF No. 63 at PageID 1149.)  On the day in question, Ms. Phillips entered Plaintiff's arrival time at one minute later than Plaintiff indicated on her timecard.  (ECF No. 1-2 at PageID 13–14; ECF No. 63 at PageID 1149–50.)  Plaintiff argues that this is evidence of Ms. Phillips' retaliatory motive because she "made such a big issue out" of it.  (ECF No. 1-2 at PageID 13–14.)

As the Report notes, Plaintiff neither received any discipline for this incident nor was her pay affected.  (ECF No. 63 at PageID 1150.)  In light of this, the Court is hard pressed to determine exactly how this constitutes an adverse act.

The Court is unpersuaded by Plaintiff's objection.  Plaintiff argues that the Report fails to consider the "whole issue."  (ECF No. 64 at PageID 1163.)  She offers a detailed

account as to what occurred that day and the lengths Ms. Phillips went to retaliate against her. (*Id.* at PageID 1164–65.) The Magistrate Judge, however, already addressed these facts in issuing her Report. Moreover, this recitation by Plaintiff does not alter the finding that Plaintiff suffered no tangible negative consequences. Accordingly, the Court **ADOPTS** the Report's findings and **OVERRULES** Plaintiff's objections.

III. <u>Title VII Harassment</u>

Plaintiff may also present a *prima facie* retaliation claim if she can demonstrate that she suffered severe or pervasive retaliatory harassment from a supervisor. (ECF No. 63 at PageID 1150.) The Report concluded that Plaintiff failed to make this showing for this claim. (*Id.*) The above-mentioned incidents fail to create an environment of severe and pervasive retaliatory treatment. (*Id.*) Plaintiff does not object to the Report's finding as to this issue. Therefore, the Court **ADOPTS** the Report's finding.

IV. <u>Hostile Work Environment</u>

As her last claim, Plaintiff generally alleges that she suffered a hostile work environment due to her disability, age, and in retaliation to her protected activity. (*see generally* ECF Nos. 1, 1-2.) The Report concluded that Plaintiff's claims fail. (ECF No. 63 at PageID 1150–1154.)

a) Hostile Work Environment based on age

Plaintiff generally alleged in her Complaint that she was discriminated against due to her age. (ECF No. 1 at PageID 4.) A *prima facie* case for hostile work environment based on age requires that: (1) Plaintiff be over forty (40) years old; (2) she was subjected to harassment based on her age; (3) the effect of the harassment unreasonably interfered

with her work; and (4) employer liability exists.  *See Crawford v. Medina Gen. Hosp.*, 96 F. 3d 830, 834–35 (6th Cir. 1996).

"Actionable harassment exists if 'the workplace is permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Trotter v. Cargill, Inc.*, 699 F. Supp. 2d 1043, 1054 (W.D. Tenn. 2010) (citation omitted); *Crawford*, 96 F.3d at 835.   The Court does not measure workplace conduct in "isolation;" instead, the Court looks at the totality of the circumstances, including the frequency, severity, and nature of the harassment.  *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270–71 (2001).   Common workplace squabbles such as "simple teasing, offhand comments, and isolated incidents (unless extremely serious)" will not be actionable. *Thomas v. Grinder & Haizlip Constr.*, 547 F. Supp. 2d. 825, 831 (W.D. Tenn. 2007).

Here, the Report concluded that Plaintiff failed to plead a *prima facie* case.  (ECF No. 63 at PageID 1152.)  The Report notes that Plaintiff Complaint, other than stating her age, fails to allege any facts pertaining to harassment she faced due to her age.  (*Id.*) Plaintiff's objections do not address this finding by the Report.  Accordingly, the Court **ADOPTS** the Report's findings as to this issue.

b)  Hostile Work Environment based on prior protected activity

Plaintiff alleges that she was harassed due to her prior protected activity.  (*see generally* ECF No. 1, ECF No. 1-2.)  For this claim to survive, Plaintiff must show that: (1) she is a member of a protected class; (2) she received unwelcome retaliatory harassment; (3) the harassment was due to her prior protected activity; (4) the harassment resulted in a hostile work environment; and (5) the employer failed to correct the

harassment after being made aware.  *See Willey v. Slater*, 20 F. App'x 404, 406 (6th Cir. 2001).  Defendant does not contest that Plaintiff engaged in prior protected activity.  (ECF No. 51-1 at PageID 240.)

Plaintiff seems to anchor her claim around four (4) incidents: (1) the incident when Mr. Robinson threw a hand-stamper at her; (2) the time that Ms. Phillips required her to submit additional documents; (3) when Ms. Phillips adjusted her clock-in time; (4) and finally, the times Ms. Phillips directed Plaintiff to not eat while on duty.  (ECF Nos. 1-2 at PageID 11–15; ECF No. 63 at PageID 1152.)

The Report concluded that Plaintiff failed to state a *prima facie* case.  (ECF No. 63 at PageID 1153–54.)  As to the Mr. Robinson incident, the Report noted that Plaintiff's own Complaint suggested that Mr. Robinson threw the hand-stamper at her out of anger— not due to prior activity.  (*Id.* at PageID 1152–53.)  As such, no evidence exists to establish that Mr. Robinson acted due to Plaintiff's prior protected activity.  (*Id.* at PageID 1153.)

Next, the Report concluded that Ms. Phillips did not harass Plaintiff by placing on her "deems desirable" status.  (*Id.*)  As noted earlier, that issue was resolved in Plaintiff's favor.  (*Id.*)

Moving on to the incident involving Ms. Phillips altering Plaintiff's clock-in time, the Report explained that this also does not constitute harassment.  (*Id.*)  Plaintiff received no discipline for this incident nor did she lose any pay.  (*Id.*)  Moreover, Ms. Phillips treated similar situations with other employees in the same manner.  (*Id.*)

Finally, the Report addresses Plaintiff's claim that Ms. Phillips arbitrarily enforced the rule against eating while on duty.  (*Id.*)  It is undisputed that workplace policy prohibits employees from eating on the workroom floor.  (*Id.*)  Ms. Phillips instructed Plaintiff on

two (2) occasions to stop eating at her workspace because it was "counter-productive." (*Id.*)  Notably, Plaintiff received no discipline.  (*Id.*)  Moreover, Ms. Phillips handled similar situations with other employees in a like manner.  (*Id.*)  In light of this, the Report concluded that these two isolated incidents—handled in accordance with workplace policy— do not constitute unlawful harassment.  (*Id.* at PageID 1153–54.)

Plaintiff's objections to the Report are unavailing.  They either reiterate facts the Report addressed, put forth inapposite arguments, or amount to a general disagreement.

Concerning the Mr. Robinson incident, Plaintiff argues that—regardless of Mr. Robinson's motive—Defendant tolerated his behavior.  (ECF No. 64 at PageID 1159.) That is not true.  Plaintiff's claim was investigated by Ms. Phillips, who could not substantiate it.  (ECF No. 63 at PageID 1141.)  Accordingly, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the Report's findings.

Next, Plaintiff raises a lengthy objection to the Report's finding that she did not suffer harassment when having to submit additional documents for her sick leave.  (ECF No. 68 at PageID 1189–1192.)  She relies on the case of *Seymour v. Brennan*, 2:04-cv-02261-STA-tmp (W.D. Tenn. 2004), in support of her argument that Ms. Phillips' conduct violated her FMLA rights.[9]  (ECF No. 68 at PageID 1189.)  Her reliance is misplaced for Plaintiff **did not plead** a FMLA claim.  As the Court explained above, Plaintiff cannot raise—nor will this Court consider—claims not contained within her Complaint.[10] Accordingly, any objections to the Report's findings as to this issue are **OVERRULED**.

---

9.  Plaintiff incorrectly identifies this matter as *Seymour v. Brennan*, 2:04-cv-02201-BBP-tmp.  (ECF No. 68 at PageID 1189.)

10. Even if the Court were to consider Plaintiff's unpled claim, she would not be entitled to judgment in her favor.  As part of her requirement to present a *prima facie* FMLA claim, Plaintiff

Although Plaintiff offers a detailed account concerning the incident where Ms. Phillips altered her clock-in time, these objections are meritless.  The Report squarely addressed the facts that Plaintiff's reiterates in her objection. Besides arguing that the Report should have construed the facts differently, Plaintiff offers no substantive argument on how the Magistrate Judge erred.   Most important, Plaintiff cannot dispute that she was neither disciplined for this incident nor lost any pay.  Without more, this does not constitute harassment.  Plaintiff's objections are **OVERRULED**.

Finally, Plaintiff's objections do not disturb the Report's findings that the two isolated incidents when Ms. Phillips corrected her for eating while on duty were not actionable.  Despite Plaintiff's argument to the contrary, she does not dispute that she was not disciplined for these incidents.  Further, it is undisputed that there was a company policy against eating while on duty.  (ECF No. 63 at PageID 1153.)  While Plaintiff might not have appreciated the way in which her manager enforced these policies, walking in a "menacing way" and talking in a "loud tone" are not actionable.   Thus, Plaintiff's objections are **OVERRULED**.

c)   Hostile Work Environment based on disability

Plaintiff alleged in her Complaint that suffered harassment due to her disability. (ECF No. 1 at PageID 4.)  To present a *prima facie* hostile work environment claim based on disability, Plaintiff must show: (1) she was disabled; (2) she received unwelcome harassment; (3) the harassment was due to her disability; (4) the harassment unreasonably

---

would need to establish that she gave her employer notice of her desire to take leave and that her employer interfered with her FMLA benefits. *See Wallace v. FedEx Corp.*, 764 F.3d 571, 585 (6th Cir. 2014).  There is no evidence in Plaintiff's Complaint nor in response to Defendant's Motion establishing these two elements.  Indeed, Plaintiff was given her paid leave after submitting the requested documents.  (ECF No. 63 at PageID 1153.)

interfered with her work; and (5) Defendant knew or should have known about the harassment and did nothing.  *See Plautz v. Potter*, 156 F. App'x 812, 818 (6th Cir. 2005).

The Report concluded that this claim should be dismissed for failure to present a *prima facie* case.  (ECF No. 63 at PageID 1154.)  Plaintiff's objections do not address the Report's conclusion as to this claim.  Without more, the Court **ADOPTS** the Report's findings.

## Conclusion

For the reasons above, the Court **ADOPTS** the Magistrate Judge's Report in its entirety and **OVERRULES** Plaintiff's Objections.  Defendant's Motion for Summary Judgment is **GRANTED**.  Plaintiff's Motion for Summary Judgment is hereby **DENIED**. This matter will be dismissed **WITH PREJUDICE**.

**IT IS SO ORDERED**, this 31st day of August, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE